## Richmond

CLARENCE E. REED, INDIVIDUALLY, ETC. v. DAVID L. ROGERS, EXECUTOR, ETC.

April 24, 1972.

Record No. 7647.

Present, All the Justices.

*Alex N. Apostolou*, for appellant.

*Charles D. Fox, III (Hunter, Fox & Trabue*, on brief), for appellee.

Per Curiam.

This is an appeal by Clarence E. Reed from a decree of the court below holding that a certain writing probated on September 18, 1967, is the true last will and testament of Nathan Fleming Duncan. In his bill of complaint Reed alleged that David L. Rogers, Duncan's executor, and others had exerted undue influence and deception upon the decedent; and that the decedent did not possess the requisite testamentary capacity to make and execute a valid will on September 1, 1967. Reed asked that an issue *devisavit vel non* be tried by a jury to ascertain whether or not the paper writing admitted to probate is the true last will and testament of Nathan Fleming Duncan.

After the jury had failed to reach a verdict on the issue, the chancellor, upon the request of counsel for both parties, appointed a special commissioner to make findings and recommendations to the

court based upon his consideration of the evidence theretofore adduced and such further evidence as he should deem material. The commissioner took no additional evidence, but did consider answers to certain interrogatories which had not been available to the chancellor.

In his report to the chancellor on March 2, 1970, the special commissioner found that no fraud or undue influence had been exerted upon the testator in the execution of the will, but that Duncan lacked the testamentary capacity requisite to the execution of a valid will, and that the contested writing was not decedent's true last will and testament.

Exceptions by proponents of the will to the commissioner's finding that decedent lacked testamentary capacity were sustained and the will upheld by the chancellor on the ground that he was better qualified to determine the issues, having heard all of the evidence and observed the witnesses in the jury proceeding.

Due to the extraordinary procedure involved herein, and because we are unable to determine from the record the terms under which both parties agreed to submit a *devisavit* issue to the special commissioner, we are constrained to set aside the chancellor's decree and reverse and remand the case for a new trial.

*Reversed and remanded.*